IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:15-CR-044-D(19) |
| | § | |
| CORNELIUS DELSHUN ROBINSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Cornelius Delshun Robinson ("Robinson") has filed a December 13, 2021 motion requesting a judicial recommendation that he be considered for placement in a Residential Re-entry Center ("RRC") and/or home confinement. The court denies the motion.

The court sentenced Robinson on March 24, 2017 to 120 months' imprisonment. At the time of sentencing, the court recommended to the Bureau of Prisons ("BOP") that Robinson be assigned to the Federal Correctional Institution in Fort Worth, if eligible. The court also recommended that Robinson be allowed to participate in the Institutional Residential Drug Abuse Program, if eligible, and be assigned to serve his sentence at a facility where he could participate in that program.

Robinson now seeks another judicial recommendation. He indicates that, prior to the COVID-19 pandemic, he participated in extensive post-sentencing and rehabilitative programs. He has also participated in a "wide range of rehabilitative and educational programming" while incarcerated in the BOP. Robinson acknowledges that this court does not have authority over the BOP's determination for placement in a RRC and/or home confinement or the length of time spent in that placement. But he requests the maximum amount of placement in a RRC and/or home confinement so that he can secure employment and start reintegrating into society. He does not

indicate whether he has sought such release through the BOP or whether the BOP has indicated a position on such release.  He requests a recommendation from this court for "the maximum amount" of time for placement in a RRC and/or home confinement available.  Robinson maintains that, at sentencing, the court was silent and without authority to make a judicial recommendation like the one he now requests, and the court can now reconsider making such a recommendation.

The court agrees with the reasoning of Judge Crone of the Eastern District of Texas, who denied a similar motion.

> Ultimately, the Federal Bureau of Prisons ("BOP") is responsible for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, the court is of the opinion that a determination of if and when a prisoner should be allowed to serve the remainder of his sentence in a half-way house is best left to the discretion, experience, and expertise of the BOP.

*United States v. Baker*, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 5, 2016) (citation omitted).  Other courts have concluded that similar requests should be directed by the defendant to the BOP:

> In *United States v. Sneed*, the Fifth Circuit declined to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons."  63 F.3d 381, 389 n.6 (5th Cir. 1995).  Same, too, here. Every's request is best directed to the Bureau of Prisons.

*United States v. Every*, 2018 WL 3997282, at *1 (E.D. La. Aug. 21, 2018); *see United States v. Tevino*, 2010 WL 3703663, at *1 (S.D. Tex. Sept. 14, 2010) ("The discretion to designate an appropriate placement remains with the BOP.  The Court will not make recommendations concerning placement other than those statements that might have been made at the time of sentencing.").  Further, the authority to make such a recommendation was available to this court at

the time it sentenced Robinson.  Robinson asserts that this court previously lacked the authority to

make the recommendation he seeks, and he does not indicate that he made such a request at

sentencing. The court therefore declines in its discretion to make another recommendation in a

matter that is best left to the BOP to decide.

The motion is therefore denied because Robinson should direct his request to the BOP.

**SO ORDERED**.

December 21, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE