IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § Criminal No. 3:15-CR-044-D (19) VS. § § CORNELIUS DELSHUN ROBINSON, § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

On February 10, 2022 defendant Cornelius Delshun Robinson ("Robinson") filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) seeking compassionate release due to extraordinary/compelling circumstances. For the reasons that follow, the court denies the motion.

I

Robinson pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). On March 24, 2017 the court sentenced him to 120 months' imprisonment to be followed by 3 years of supervised release.

On July 7, 2020 Robinson filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) seeking compassionate release due to extraordinary/compelling circumstances. The court denied Robinson's motion, finding that he had failed to demonstrate that there were extraordinary and compelling reasons that warranted the relief he sought and concluding that a reduction in sentence would not be consistent with applicable policy statements issued by

the Sentencing Commission. On October 6, 2020 Robinson filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the court also denied for largely the same reasons. Robinson then filed, on December 13, 2021, a motion requesting that the court recommend that Robinson be considered for a Residential Re-Entry Center and/or home confinement. The court denied the motion, holding that Robinson's request should be directed to the Bureau of Prisons ("BOP").

On February 10, 2022 Robinson filed the instant motion, again seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]

II

To the extent Robinson's *pro se* motion can be construed as requesting relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136,[2] the motion is denied for the reasons explained in the court's July 16, 2020 order. *See* July 16, 2020 Order at 1-2.

---

[1] On February 16, 2022 the court entered an order directing the government to file a response to Robinson's motion and permitting Robinson to file a reply to the government's response no later than April 15, 2022. The government filed its response on March 16, 2022. Robinson has not filed a reply, and his motion is now ripe for a decision.

[2] Although Robinson does not specifically seek relief under the CARES Act, some of the relief he seeks—home confinement—is only available under 18 U.S.C. § 3624(c)(2), as expanded by the CARES Act. In contrast, 18 U.S.C. § 3582(c)(1)(A) permits the court to reduce the term of imprisonment and impose a term of probation or supervised release, with or without conditions, when certain prerequisites are met.

III

The court also denies Robinson's motion to the extent he requests compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[3] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this §

---

[3]Robinson states that in "December [he] filed a request with Warden Grant at El Reno Federal Correctional Institute in El Reno Oklahoma to be released to home confinement." D. Mot. 1. Although Robinson's representation, without any supporting evidence, is insufficient to establish that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A), the court will assume *arguendo* that he has.

3582(c)(1)(A) motion brought by a prisoner.

B

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.

In support of his motion, Robinson contends that he contracted COVID-19 on January 17, 2022; that while he was infected, he thought his kidneys would fail, his blood glucose levels were between 400 and 600, and he had to urinate once or twice each hour over a 24-hour period for over two weeks; that he is currently in the RDAP program, but he had to start this program late because of the pandemic; that when he had COVID-19 in 2020, it "messed [him] up very bad," D. Mot. 1; that he has very bad health problems, including diabetes, high blood pressure, rhabdomyolysis, enlarged heart, obesity, and a history of breathing problems; that he has been in and out of hospital and rehabilitation centers several times during the past few years due to his diabetic condition; that he has missed several start dates for the RDAP program due to the pandemic; and that he is vaccinated and started the classes in December 2021, but "[n]ow with the lockdown again and the COVID still bad, that's Extraordinary," *Id.* at 2.

In light of the court's decision below that, considering the § 3553(a) factors, Robinson should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release

- 4 -

because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Robinson is currently serving a 120-month sentence for conspiring to distribute a large amount oxycodone, a drug that is extremely deleterious to users and the community at large. At the time of sentencing, he fell into criminal history category VI as a result of multiple prior adult convictions, including for injury to a child, possession of marijuana, possession

of cocaine, and manufacturing/delivery of a controlled substance. He committed the federal offense while on probation for a state offense. Robinson's projected release date is March 15, 2023. Although it appears that Robinson is less than a year away from being released, it would still minimize the seriousness of his crime if the court reduced his sentence. And a sentence reduction would not protect the public or afford adequate deterrence to criminal conduct for the period that Robinson is scheduled to remain in custody. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Robinson neither argues nor provides any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Robinson's relevant offense conduct, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Robinson

is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, for the reasons explained, the court denies Robinson's February 10, 2022 motion for compassionate release.

**SO ORDERED**.

May 20, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE